NOT DESIGNATED FOR PUBLICATION

No. 120,422

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN DALE DISHNER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed February 7, 2020. Reversed and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: A jury sitting in Shawnee County District Court convicted Steven Dale Dishner of aggravated criminal sodomy. Because the district court instructed the jury on alternative means of committing the crime for which the State presented no evidence, we are obligated to reverse the conviction and remand for a new trial.

Given the issue, we need not engage in an extended discussion of the facts. In an amended complaint filed in October 2018, the State charged Dishner with sodomizing D.T. sometime between October 2011 and June 2012, when the child would have been

1

about six years old. D.T. is the son of a woman with whom Dishner resided and later married.

During the trial, the State presented evidence that Dishner coerced D.T. to fellate him one time. That act is a form of sodomy, as defined in the criminal code. K.S.A. 2018 Supp. 21-5501(b). An adult sodomizing a child under 14 years of age commits aggravated criminal sodomy, a felony violation of K.S.A. 2018 Supp. 21-5504(b)(1) carrying a life sentence.

At the conclusion of the trial evidence, the district court instructed the jurors that they had to find, among other elements of the crime, that Dishner "engaged in sodomy" with D.T. The instruction then defined sodomy as "oral contact or oral presentation of the female genitalia or oral contact with the male genitalia or anal penetration, however slight, of a male or female by any body part or object." Each of those acts is a statutorily defined way of committing sodomy. The Kansas Supreme Court has characterized each of them as an alternative means of violating K.S.A. 2018 Supp. 21-5504. *State v. Dern*, 303 Kan. 384, 396, 362 P.3d 566 (2015).

If a jury is instructed on alternative means of committing a crime, the State must present sufficient evidence to support a conviction for each of those means. If the State does not, then the conviction violates the defendant's statutory right to a unanimous verdict. See *State v. Wright*, 290 Kan. 194, 205-06, 224 P.3d 1159 (2010). Here, the State presented evidence on only one of the three means identified in the jury instruction. Dishner's conviction, therefore, must be reversed. See *Dern*, 303 Kan. at 398. An alternative means error may not be excused as harmless even if the State presents compelling evidence supporting one of the means. *Wright*, 290 Kan. at 205; see *Dern*, 303 Kan. at 398 (recognizing inapplicability of harmless error rule for alternative means errors and declining to "consider[] anew the question" absent a specific request to do so); 303 Kan. at 415 (Biles, J., concurring in part and dissenting in part).

2

Dishner must be given a new trial in which the jury should be instructed on only those alternative means of committing sodomy supported in the evidence. *State v. Shay*, 56 Kan. App. 2d 721, Syl. ¶ 3, 437 P.3d 78, *rev. denied* 310 Kan. ___ (September 5, 2019). Thus, Dishner will get a second trial on the only alternative means of committing sodomy the State actively prosecuted in the first trial and on which that jury heard any evidence simply because the jury was also instructed on alternative means never so much as mentioned in the evidence.

We need not and do not consider the other claimed errors Dishner has presented on appeal, since the appropriate relief for them also would be a new trial.

Reversed and remanded with directions that Dishner be given a new trial.

\* \* \*

BUSER, J., concurring: I concur but write separately to express my view that this case provides an excellent opportunity for our Supreme Court to revisit its precedent that an alternative means error may never be excused as harmless error. See *State v. Wright*, 290 Kan. 194, 205, 224 P.3d 1159 (2016). I agree with Justice Biles in *State v. Dern*, 303 Kan. 384, 415, 362 P.3d 566 (2015) (Biles, J., concurring in part and dissenting in part); Justice Moritz in *State v. Brown*, 295 Kan. 181, 227, 284 P.3d 977 (2012) (Moritz, J., concurring); and Judge Malone in *State v. Shaw*, 47 Kan. App. 2d 994, 1016, 281 P.3d 576 (2012) (Malone, J., concurring), in arguing that an alternative means error may be harmless provided that sufficient evidence was presented at trial of one means but no evidence was presented at trial regarding the other means.

In the case on appeal, Steven Dale Dishner and D.T. were males so sodomy involving a female was not at issue. There was no evidence presented or argument

3

regarding anal penetration of D.T.—only evidence and argument about oral contact with Dishner's male genitalia. Under these facts and circumstances, there is no reasonable possibility that the jury was confused as to the particular alternative means by which Dishner sodomized D.T. But for my duty to follow Kansas Supreme Court precedent, I would conclude that the alternative means error that occurred in this case was harmless error and affirm the conviction. See *State v. Rodriquez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Kansas Supreme Court is departing from its previous position.).